25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clifford ISROFF and Irwin Isroff, Plaintiffs-Appellants,
v.
FEDERAL INSURANCE CO., Defendant-Appellee.
 No. 93-3130.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: GUY and SILER, Circuit Judges; and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs Clifford and Irwin Isroff ("the Isroffs") appeal the district court's summary judgment against them. The Isroffs argue that the district court erred in holding that their claim for expenses incurred in defending a suit against them in their fiduciary capacities is excluded from coverage under a policy issued by Federal Insurance Co. ("Federal"). We affirm.
 
 I.
 
 2
 Westhall Co. was a closely-held retail jewelry business owned by members of the Isroff family. In 1983, Westhall redeemed the Ronald Isroff family's 15 percent ownership in Westhall for $684,000. On October 23, 1986, Federal issued a director's and officer's liability insurance policy covering expenses incurred by Westhall's directors and officers in defending suits against them in their fiduciary capacities. The policy contains two relevant exclusions from coverage. First, the securities exclusion withholds coverage
 
 
 3
 where all or part of such claim is, directly or indirectly, based on, attributable to, arising out of, resulting from or in any manner related to any actual or alleged violation of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Company Act of 1940, the Investment Advisors Act of 1940, the Public Utility Holding Act of 1935, any state Blue Sky or securities law, all as they may be amended, or any other law relating to securities transactions, or any of their amendments.
 
 
 4
 Second, the family exclusion states that Federal
 
 
 5
 shall not be liable under this policy for "Loss" in connection with any claim(s) made against any "Insured Person(s)", including but not limited to shareholders' derivative or representative class action suits, brought by members of "The Isroff Family".
 
 
 6
 ... [T]he term "The Isroff Family" means the estates, beneficiaries, heirs, legal representatives, assigns or relatives (whether related by consanguinity of [sic] affinity) of "The Isroff Family".
 
 
 7
 In 1987, Sterling Co. bought Westhall for $50,000,000. Members of the Ronald Isroff family subsequently sued Clifford and Irwin Isroff, former officers of Westhall, for breach of fiduciary duty and violation of the Securities and Exchange Act of 1934 in connection with the 1983 transaction involving the 15 percent ownership interest in Westhall.[1] Clifford and Irwin Isroff eventually prevailed, but incurred $208,130 in litigation expenses for which Federal denied coverage. On January 5, 1993, the district court granted summary judgment in Federal's favor.
 
 II.
 
 8
 The Isroffs argue that the district court erred in granting summary judgment against them on their claim for insurance coverage. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). We review a district court's grant of summary judgment de novo. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). Additionally, we may affirm the district court for reasons other than those relied on by the district court.[2] Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). Summary judgment is appropriate in this case because the Isroffs' claim is excluded from coverage under Federal's insurance policy as a matter of law.
 
 
 9
 The Isroffs' claim is excluded from coverage under Federal's policy because the Ronald Isroff family's fiduciary duty claim was "directly or indirectly ... related to an[ ] ... alleged violation of ... the Securities Exchange Act of 1934." The Ronald Isroff family's securities claim alleged that Clifford and Irwin Isroff misrepresented or failed to inform them of Westhall's business volume and future plans. Similarly, the Ronald Isroff family's fiduciary duty claim alleged that the Isroffs failed to disclose information relating to the value of shares and concealed facts relating to Westhall's business operations and future prospects. The fiduciary duty claim is "related to" the securities claim because it posed an alternative theory for recovery based on the alleged withholding of information material to the Ronald Isroff family's decision to sell their stock in Westhall.
 
 
 10
 The Isroffs dispute the propriety of summary judgment by arguing, initially, that the securities exclusion should be construed narrowly in favor of coverage. However, they do not identify any ambiguity in the phrasing of the exclusion. Therefore, under Ohio law, "the plain language of the exclusion provision applies." Park-Ohio Indus. Inc. v. Home Indem. Co., 975 F.2d 1215, 1218 (6th Cir.1992). Next, the Isroffs assert that the securities claim was dismissed for lack of subject matter jurisdiction and "void ab initio." They argue that "the only claim cognizable [among those brought by the Ronald Isroff family] ... involved a common law breach of fiduciary duty." However, the securities claim plainly "alleged [a] violation of ... the Securities Exchange Act of 1934" before it was dismissed and this allegation triggered application of the securities exclusion. The Isroffs further argue that the district court erred in determining that the fiduciary duty claim "related to" the securities claim, on the basis of the complaint filed by the Ronald Isroff family, without looking beyond the complaint to the facts underlying both claims. However, any such error was harmless given the obvious overlap in the facts that would have been pertinent in proving each of these claims.
 
 
 11
 Alternatively, the Isroffs' claim is excluded from coverage under Federal's insurance policy because the Ronald Isroff fiduciary duty claim was brought by members of "The Isroff Family." The Isroffs argue that the family exclusion is ambiguous and should be construed narrowly in favor of coverage. The exclusion, which was designed to insulate Federal from liability for claims arising out of the Isroffs' acquisition of Westhall shares, broadly defines "The Isroff Family" as including "relatives (whether related by consanguinity of [sic] affinity) of 'The Isroff Family,' " though it does not precisely define "consanguinity" and "affinity." Given the language and purpose of the exclusion, "relatives" includes first cousins such as Ronald Isroff.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In their fiduciary duty claim, Ronald Isroff family members alleged that,
 [i]n acquiring plaintiffs' shares, defendants breached their said fiduciary duty in that they failed to deal fairly and honestly with plaintiffs and failed to disclose to plaintiffs all material information relating to the value of their shares. In addition, plaintiffs further believe, and therefore aver, that defendants concealed from plaintiffs material facts relating to The Westhall Co.'s business operations and future prospects.
 In their securities claim, Ronald Isroff family members alleged that,
 [i]n connection with plaintiffs' sale of their shares of The Westhall Co., defendants misrepresented and/or failed to accurately inform plaintiffs of the volume of the business activities and future plans of defendant The Westhall Co., which misrepresentations and omissions materially affected plaintiffs' decision to sell said shares.
 Ronald Isroff family members further alleged that these "misrepresentations and omissions constituted violations of Section 10(b) of the Securities and Exchange Act of 1934."
 
 
 [2]
 The district court decided that the Isroffs' claim was excluded from coverage under the securities exclusion and, accordingly, found it unnecessary to consider the applicability of the family exclusion